■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEPARD LASANE, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J., at *Mapp/Huntley* hearing; John Bradley, J., at plea and sentence), rendered October 10, 1990, convicting defendant, upon a plea of guilty, of criminal possession of a controlled substance in the third degree and sentencing him to an indeterminate prison term of one to three years, unanimously affirmed.

This drug interdiction action which occurred at a train station followed the guidelines set forth in *People v De Bour* (40 NY2d 210) and *People v Hollman* (79 NY2d 181).

The police initially approached defendant based upon an objective credible reason *(People v De Bour, supra,* at 223). The police then exercised the common law right of inquiry when a founded suspicion was activated that criminal activity was afoot *(supra).* This second level of police intrusion was justified based upon the police officers' observation of the defendant and his responses to questions concerning his (noncriminal) observed behavior.

Here, the police asked to search the defendant's suitcase only after a founded suspicion arose that criminal activity was afoot. The subsequent search of the suitcase was undertaken

after obtaining the defendant's voluntary consent *(see generally, People v Gonzalez,* 39 NY2d 122). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.